# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,              :        Case No. 3:04-cr-057
                                                            also 3:08-cv-023

                                                            District Judge Walter Herbert Rice
      -vs-                                     Chief Magistrate Judge Michael R. Merz
                                            :

PATRICK GREGORY POWER,

       Defendant.

---

## REPORT AND RECOMMENDATIONS

---

       This case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. §2255 (Doc. No. 70).  On the Court's Order (Doc. No. 71), the United States has filed an Answer (Doc. No. 74).  Defendant has not filed a reply within the twenty-one days allowed by the Court's Order for Answer; that period expired April 14, 2008.

       Defendant was indicted by a federal grand jury on April 13, 2004, and charged with two counts of assault with a dangerous weapon (Counts 1 and 2) and two counts of use of a deadly weapon in the commission of a crime of violence (Counts 3 and 4)(Indictment, Doc. No. 10).  On March 21, 2005, he entered into a Plea Agreement with the United States under which he would plead guilty to Counts 1 and 3 and Counts 2 and 4 would be dismissed (Doc. No. 48).  On May 27, 2005, he was sentenced to 36 months on Count 1 and the mandatory minimum of 84 months consecutive on Count 3 (Doc. Nos. 54 and 55).  Defendant appealed and the Sixth Circuit affirmed the sentence.  *United States v. Power*, Case No. 05-3812 (6th Cir. Jan. 26, 2007)(Copy at Doc. No. 68).

1

Petitioner pleads the following two grounds for relief:

> **Ground One:** The convictions obtained by plea of guilty was not voluntarily [sic] or with the understanding of the nature of the charge and the consequences of the plea.
>
> **Supporting Facts:** The conduct of the offense is without the remotest of explanation and absent any logical suggestion of competence by the Defendant. The basis of the offense is substantially the same reason for the plea entered not being voluntarily or knowingly made, the Defendant was under the influence of antidepressant and antipsychotic medication which created constant state of confusion in clarity that so imperiled the Defendant's thought process as to render him incompetent.
>
> **Ground Two:** The Defendant's trial counsel was ineffective and his deficiency impacted the Defendant adversely and in such a manner that the outcome of the proceeding would have been different had trial counsel functioned in a manner which the Sixth Amendment guarantees.
>
> **Supporting Facts:** Trial counsel did not object to the court enhancement of its own accord at sentencing and without notice, trial counsel did not object to the court impermissably [sic] double counting the same enhancement, trial court waived a competency hearing and did not cause the Defendant to be interviewed or examined by an independent psychiatric professional, trial counsel proffered at the Defendant's sentencing hearing adversely to the Defendant's interest and in area of competency [in] which he had no expertise and were in conflict with the information contained in the presentence report.

(Motion, Doc. No. 70, at 4.)

## Procedural History

After Defendant was indicted, his counsel filed a Motion for Evaluation of his Competency (Doc. No. 14) and a Notice of Intent to plead not guilty by reason of insanity (Doc. No. 15). Judge Rice sustained the request for a competency evaluation (Doc. No. 16). On August 9, 2004, Defendant retained attorney Don Little who substituted for Assistant Federal Public Defender

2

Thomas Anderson (Doc. No. 26). On October 29, 2004, with the agreement of counsel, Judge Rice adopted the conclusions reached by the mental health examiners that Defendant was competent to stand trial and set the case for further pretrial proceedings and for trial (Doc. No. 32).

On January 4, 2005, Defendant gave notice of intent to call an expert medical witness at trial to testify to the "effect of the prescription drugs on Defendant at the time of the alleged offenses, and his ability to form the specific intent needed to constitute the crimes charged." (Doc. No. 36) Counsel specifically disclaimed any mental defect or condition. *Id*. On the same day, however, counsel asked for a continuance to obtain an "outside" expert, someone other than the doctor who had been treating Defendant at the Veterans Administration Medical Center (Doc. No. 37). Judge Rice granted that Motion and re-set the jury trial to March 21, 2005 (Doc. No. 45). Apparently sometime prior to that date, Judge Rice was advised that the parties had reached a plea agreement and he set the taking of the plea for the same date trial had been set.

The Plea Agreement (Doc. No. 48) was signed and filed on March 21, 2005. Before accepting the plea, Judge Rice swore Defendant to testify truthfully during the proceeding (Transcript, Doc. No. 75, at 3). Defendant admitted the truth of the Statement of Facts, including entering the emergency room of the VA Medical Center and brandishing a semi-automatic weapon at an on-duty nurse in a threatening manner. *Id*. at 5-7. He swore he understood the charges against him. *Id*. at 10. He said he had no questions as to what he was pleading guilty to in Counts 1 and 3 and that he was satisfied with the legal advice Mr. Little had given him. *Id*. at 22. He listened at length to Judge Rice's explanation of the possible penalties and the consequences in terms of waived rights of pleading guilty. *Id*. at, e.g., 31. Defendant repeatedly told Judge Rice he understood the proceedings, the plea agreement, and the possible consequences. He never mentioned being under the influence of any drugs which would prevent his understanding or acting voluntarily and Judge Rice expressly found that he was "in full procession [sic] of his faculties and is competent to plead

3

guilty. Second, he is not under the apparent influence of narcotics, hallucinogens or alcohol." *Id*. at 50. Judge Rice accepted the plea, found Defendant guilty, and eventually sentenced him after reviewing an extensive Presentence Investigation Report.

The Presentence Investigation Report indicated that at the time it was completed and for some period of time before that, Defendant was taking a prescribed anti-depressant, Remeron. He also had a significant substance abuse history for alcohol, cocaine, and opiates. During his mental status evaluation pretrial, he was found not to have a major mental illness, but "significant diagnostic criteria for a personality disorder with anti-social and borderline traits." *Id*. at 13.

On appeal, Defendant argued his sentence was unreasonable, but the sentence was affirmed (Doc. No. 68). Defendant then filed the instant Motion one year after the Court of Appeals decision (Doc. No. 70).

### Ground One

In his first Ground for Relief, Defendant asserts his plea was involuntary because he was taking some unspecified mood-altering drugs at the time of the plea, "the same drugs which propelled the offense of conviction." *Id*. at 9. This claim is inherently incredible. The Court is asked to believe that the same drugs caused Mr. Power to assault an emergency room nurse with a handgun and to lie in open court when asked directly by a judge if one understands the charges and proceedings. Mr. Power points to no evidence in the record which would support such a claim. Finally, the independent expert hired by defense to possibly testify at trial about the effect of the drugs he was taking on Mr. Power's conduct during the incident was unwilling to give any such testimony (Sentencing Transcript, Doc. No. 63, at 11.)

Defendant argues that "once the court has been informed that the defendant has recently

4

ingested drugs or other substances capable of impairing his ability to make a knowing and intelligent waiver of his Constitutional rights," the judge is bound to make further inquiry. He fails, however, to point to any place in the record where Judge Rice was so informed. Mr. Power was detained without bond pending trial and thus was not in a position to obtain "street" drugs, and no one suggested at the plea colloquy that he had ingested prescription drugs which would impair his ability to understand. There is certainly no violation of Fed. R. Crim. P. 11 evident on the face of the record.

Secondly, Defendant has waived any claim his plea was involuntary and unknowing by not making that claim on direct appeal. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828, 839 (1998), citing *Reed v. Farley*, 512 U.S. 339 354, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994).

The first Ground for Relief is without merit.

### Ground Two

In Ground Two, Defendant asserts he received ineffective assistance of trial counsel.

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes

5

>> both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

>> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

>> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Defendant contends his counsel was ineffective in four respects. First of all, he claims his counsel "failed to object to the court enhancement of its own accord at sentencing and without notice." Defendant was not prejudiced by this omission by his counsel because, as the Court of Appeals determined, the upward departure was warranted by the facts of the case as Judge Rice recited them at sentencing. In other words, any additional objection defense counsel might have made would probably not have had any impact as Judge Rice understood he was making an upward departure and explained why he was doing so. Finally, defense counsel did argue for a much less

6

severe sentence on Count 1 than was imposed, contending that the fourteen months Mr. Power had served in pretrial confinement was a sufficient sentence, given the eighty-four month consecutive sentence which was mandatory on Count 2.

Secondly, he notes that his counsel did not complaint about lack of notice that Judge Rice was considering an upward departure from the recommended Guideline range. Again, any possible prejudice from this lack of notice is overcome by the Court of Appeals' finding that the sentence actually imposed was reasonable, considering the sentencing factors provided in 18 U.S.C. § 3553.

Power's third objection to counsel's performance is that he waived a competency hearing. Again, there is no proffer of any evidence of prejudice resulting from the waiver. Judge Rice indicated at sentencing that the report received from the Springfield Medical Center indicated not only that Defendant was competent, but that he was malingering, feigning illness. Defendant invites the Court to speculate that the report could have been overcome at a hearing or additional evidence favorable to his claim of incompetence would have been presented, but he does not offer any such evidence in support of his claim.

Finally, Power argues that his defense counsel argued adversely to his interest as the sentencing hearing. The Magistrate Judge has thoroughly reviewed the transcript of that hearing and finds no such argument. Indeed, Mr. Little made the same argument Power suggests in his Motion: although no competent psychiatric evidence was available to support the point, it was inexplicable that a college-educated person would walk into an emergency room and threaten a nurse with a handgun unless somehow the drugs made him do it. The Magistrate Judge perceives no divergence of counsel's argument from Defendant's interests. The second Ground for Relief is without merit.

7

Conclusion

The Motion to Vacate Under § 2255 should be denied on the merits.  Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

May 22, 2008.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).