# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                :          Case No. 3:04-cr-057
                                              also 3:08-cv-023

                                              District Judge Walter Herbert Rice
    -vs-                                    Magistrate Judge Michael R. Merz
                                           :

PATRICK GREGORY POWER,

       Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This case is before the Court on Defendant's Motion for Relief from Judgment (Doc. No. 82). Defendant requests the Court to reopen its final judgment denying his Motion to Vacate under 28 U.S.C. § 2255 so that he can respond to the Government's Answer.

A motion for relief from judgment under Fed. R. Civ. P. 60(b) is properly used for the relief Defendant seeks without obtaining leave to file a "successive" motion from the Circuit Court. *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

### Procedural History

Defendant filed his Motion to Vacate on January 25, 2008, almost a year after his conviction was affirmed on direct appeal (Doc. Nos. 68, 70). The Magistrate Judge ordered the United States to answer and, in the same order, provided that Defendant would have 21 days after the answer to file a reply (Doc. No. 71). The United States filed a Response/Answer on March 6, 2008 (Doc. No.

1

74), which made Defendant's reply due on March 31, 2008. The Magistrate Judge waited nearly two months without hearing anything from Defendant before filing the Report and Recommendations recommending denial (Doc. No. 76). Defendant's objections to that Report were due by June 12, 2008, but were not received. Nonetheless, Judge Rice waited nearly another two weeks before adopting the Report on June 25, 2008 (Doc. No. 77).

On July 14, 2008, Defendant moved for consideration and to file his reply out of time. This was, of course, more than 100 days after the reply/traverse was due. He claimed that he had been in transit, arriving at his present location at FCI Schuylkill only on June 2, 2008, and receiving his legal materials 18 days later. He did not tender a reply with the Motion for Reconsideration, but asked for more time to do so. *Id*.

On the very next day, July 15, 2008, the Magistrate Judge denied the Motion for Reconsideration because judgment had already been entered and advised the Defendant that the only way he could obtain relief was by motion for relief from judgment. (Decision and Order, Doc. No. 81). The instant Motion was filed February 9, 2009, almost seven months later, and still without any tendered reply or objections to the Report and Recommendations.

**Analysis**

While he does not specify a subsection of Fed. R. Civ. P. 60(b) under which the Motion is made, the Court reads the Motion as claiming excusable neglect which is a ground for relief under Rule 60(b)(1). The Supreme Court has held that excusable neglect is not limited to situations beyond the control of lawyer or client, such as Acts of God, but includes negligent failures to file. *Pioneer*

*Investment v. Brunswick*, 507 U.S. 380 (1993).[1] As to whether a particular neglect is excusable or not, it held that

> ... the determination is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor [or other adverse party] the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. at 395.

The Magistrate Judge concludes Defendant has not shown excusable neglect. He has known at least since June 26, 2008, that his case had been decided against him and since July 15, 2008, that he needed to obtain relief from judgment before filing anything further. He offers no explanation for his delay since last summer and still has not tendered any reason why the judgment is in error.

The Motion for Relief from Judgment should be denied.

February 10, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for

---

[1] Although *Pioneer* involved interpretation of "excusable neglect" in Bankruptcy Rule 9006(b)(1), the Court made clear that its analysis also applied to uses of the term in the Federal Rules of Civil Procedure. The Sixth Circuit has expressly so held. *United States v. Thompson*, 82 F.3d 700 (6th Cir. 1996).

the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).